

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-29-2005

# Marino v. Richards Layton

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4367

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Marino v. Richards Layton" (2005). *2005 Decisions.* Paper 34.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/34

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4367

KENNETH J. MARINO,

Appellant

v.

RICHARDS LAYTON & FINGER;
STEPHEN E. HERRMANN, Esquire

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 04-cv-00007)
District Judge:   Honorable Gregory M. Sleet

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2005

Before:  RENDELL, FISHER and GREENBERG, Circuit Judges.

(Filed: December 29, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Kenneth J. Marino appeals the District Court's grant of a motion to dismiss, which disposed of his case against the law firm of Richards, Layton & Finger ("RLF"), and Stephen Herrmann, an attorney at that firm. The District Court held that Marino failed to establish a claim against Herrmann, and, therefore, that his *respondeat superior* claim against RLF also failed. We will affirm.[1]

Marino's claim rests on his contention that Herrmann breached a fiduciary duty to him. Marino, who was a partner at the law firm of Blank Rome Comisky and McCauley LLP from 1997 until late 2000, concentrated his practice on banking law. During that time he represented Cross County Bank ("CCB") and its affiliate Applied Card Systems ("ACS"). On September 11, 2000, Marino entered into an employment agreement with CCB/ACS. Marino left Blank Rome and began working as general counsel for CCB/ACS on October 1, 2000. Approximately four months later, CCB/ACS terminated Marino's employment. Marino attributes his termination to a "smear campaign" conducted by Hermann.

On January 25, 2002, Marino filed a wrongful termination complaint against CCB, ACS, and Rocco A. Abessinio, Chairman and CEO of CCB/ACS. Marino later settled the suit, entering into an (undated) Settlement Agreement and Mutual General Release.

The critical inquiry before the District Court, and on appeal, is whether Marino has

_____

[1]The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

2

established a cognizable claim.  Marino has failed to establish any common law or statutory basis for the alleged fiduciary duty owed him by Herrmann, but relies instead on the duty imposed by the Delaware Lawyers' Rules of Professional Conduct.  However, the Delaware Lawyers' Rules of Professional Conduct, by its own terms, does not create a basis for civil liability.  *See* Delaware Lawyers' Rules of Professional Conduct, Preamble, ¶ 20 ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached.... [The Rules] are not designed to be a basis for civil liability.").  Therefore, Marino's action must fail.

As an alternate and independent basis for dismissing this action, we also note that Marino's claim is barred by the plain terms of the settlement agreement and release, which specifically names Herrmann.[2]

Because Marino has failed to state a cognizable claim against Herrmann, his *respondeat superior* claim against RLF must also be dismissed.  Accordingly, we will affirm the District Court's order to dismiss.

---

[2] The District Court did not rule on this basis, but the language of the release seems to clearly preclude this claim.  Appellee so argued in its brief on appeal, and Appellant did not refute it in his reply brief.

3